[Civ. No. 3520. Second Appellate District, Division Two.—February 21, 1922.]

## F. A. PRESTON, Respondent, v. W. O. STEVENS, Appellant.

[1] CONTRACTS—AGREEMENT TO CHARGE FOR WATER SERVICE CONNECTIONS—EFFECT OF RULING OF RAILROAD COMMISSION.—Defendant having agreed with the water company that he would include in each contract for the sale of land in a certain tract being subdivided by him a provision that the purchaser should pay to the water company a specified sum for each water connection, which sum was to be credited on a certain promissory note given by defendant to such water company in payment of a certain number of connections in said tract, he was not prevented from carrying out such contract by a ruling of the Railroad Commission relating to the rights of applicants to service, where such tract of land was situated in unincorporated territory and the ruling of the commission by its own terms did not apply in such territory.

APPEAL from a judgment of the Superior Court of Los Angeles County. J. P. Wood, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. P. Boland and J. H. Kann for Appellant.

Humphrey Marshall for Respondent.

CRAIG, J.—This action is one to recover a balance of $528 remaining due on a promissory note which was originally executed by appellant in favor of Janss Company. The payee assigned the note to respondent. At the time the note was executed Janss Company gave Stevens the following receipt: "It is understood and agreed that Mr. W. O. Stevens will receive for this 42 connections. He will include in his contract of sale on Tract No. 2399 a provision that lot purchasers must pay $16.00 for each connection to Janss Co., which will credit note."

It appears that the execution of the note and the giving of the receipt were the culmination of negotiations which had occurred between the parties looking toward extension of the water service owned by Janss Company to a tract of

land being subdivided by Stevens. The defendant received the forty-two connections mentioned in the receipt. However, he only included the provision for the purchasers making payment of sixteen dollars for each connection in twelve of the contracts. Nine of the connections were paid for and credited on the note. After the note and receipt were executed and some of the connections made the Railroad Commission adopted a ruling which the defendant construed as preventing his collecting any charge for water connections from the purchasers of lots.

[1] The sole question necessary to be determined upon this appeal is whether or not the defendant, because of this ruling of the Railroad Commission, was prevented from the further carrying out of the contract by which it was understood that he should reimburse himself for the payment of the note by collecting from lot purchasers for the water connections. This ruling reads as follows:

## "D. CONTRACTS.

### "Rule 12.

"*Except in the case of extension in unincorporated territory,* which matter is left open for consideration in subsequent proceedings, and of extension in incorporated territory in cases in which the commission may hereafter authorize the signing of contracts for serving a water, gas, electric or telephone utility may not require that an applicant sign a contract for service as a condition precedent to service; provided that such utility may require that reasonable written application for service be made." (Italics ours.)

The lots sold by Stevens are not situated in any incorporated territory. Therefore, the ruling by its own terms does not apply, and cannot be said to have prevented the carrying out of the original plan for the reimbursement of Stevens for his payment of the note.

The judgment appealed from is affirmed.

Finlayson, P. J., and Works, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 23, 1922.